**E-filed 12/7/07**

JAMES DAL BON
CA 157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
(408)292-1040
(408)292-1045

Attorney for Plaintiffs

UNTIED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MORENO, | ) Case No. C07 00856 JF |
| | ) |
| Plaintiff, | ) STIPULATION TO AMEND THE |
| | ) COMPLAINT |
| vs. | ) |
| WM. EBERT CONSTRUCTION, INC. | ) |
| BARRET BUSNIESS SERVICES, INC., and | ) |
| DOES 1-10 | ) |
| Defendant | ) |

1) The Defendant and Plaintiff in this case hereby stipulate to Amend the Complaint to include WM Ebert Construction Inc. as a Defendant in this case.

2) The Proposed Amended Complaint is attached to this Stipulation and Marked Joint Exhibit 1.

STIPULATION TO AMEND COMPLAINT          1

3) Defense counsel for Barret Business Services, Inc., will also represent Defendant WM. Ebert Construction, inc. and has agreed to accept service of the amended complaint on behalf of Defendant WM. Ebert Construction, Inc.

4) Defense Counsel will file an Answer for WM Ebert Construction, Inc. by October 29, 2007.

Dated: 10/23/07

*[signature]*

James Dal Bon

Dal Bon & Wang

Attorney for Plaintiff Jamie Moreno

Dated: 10/23/07

*[signature]*

Ann Soter

Curiale, Dellaverson, Hirschfield & Kraemer

Attorney for Defendants Barret Business System Inc. and WM. Ebert Construction, Inc.

IT IS SO ORDERED:

DATED: 12/7/07

*[signature]*

HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 1

JAMES DAL BON
CA 157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
(408)292-1040
(408)292-1045

Attorney for Plaintiffs

UNTIED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MORENO,<br><br>        Plaintiff,<br><br>vs.<br><br>WM. EBERT CONSTRUCTION, INC.<br><br>BARRET BUSNIESS SERVICES, INC. , and<br><br>DOES 1-10<br><br>        Defendant | Case No. C07 00856 JF<br><br>FIRST AMENDED COMPLAINT<br><br>1) Violations of the Federal Fair Labor Standards Act;<br>2) Violation of California Labor Code Section 510;<br>3) Violation of California Business and Professions Code Section 17200;<br>4) Violation of California Labor Code Section 201;<br>5) Violation of California Labor Code Section 226.7. |

SUBJECT MATTER JURISDICTION AND VENUE

1. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

GENERAL ALLEGATIONS

COMPLAINT - BARRET      1

3. At all times relevant herein Plaintiff JAIME MORENO was a resident of San Jose, California.

4. At all times relevant herein, Plaintiff was an employee of defendant BARRET BUSNIESS SERVICES, INC. business entity, located in Sunnyvale, California.

5. At all times relevant herein, Plaintiff was an employee of defendant WM. EBERT CONSTRUCTION, INC. business entity, located in Morgan Hill, California.

6. At all times relevant herein, Defendants BARRET BUSNIESS SERVICES, INC. and WM. EBERT CONSTRUCTION, INC. were joint employers of Plaintiff Jaime Moreno.

7. Individual defendants DOES 1-10 were, according to information and belief, officers, owners, or employees of BARRET BUSINESS SERVICES, INC., and or WM. EBERT CONSTRUCTION, INC. having control over the Plaintiff's work condition and work situation.

8. Defendants jointly employed Plaintiff as a painter in a non exempt position.

9. Plaintiff was according to information and belief, an employee of both Defendant BARRET BUSNIESS SERVICES, INC. and WM. EBERT CONSTRUCTION, INC. acting in the normal course and scope of his employment duties with Defendants.

10. During the course of Plaintiff's employment with BARRET BUSNIESS SERVICES, INC. and WM. EBERT CONSTRUCTION, INC. Plaintiff regularly worked more than 8 hours per day and 40 hours per week, hours for which Plaintiff was not properly compensated.

COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510

FAILURE TO PROPERLY PAY OVERTIME WAGES

11. Plaintiff re-alleges and incorporates paragraphs 1-10 as if fully stated herein.

12. At all times relevant herein, California Labor Code Section 501, which applies to Plaintiff's employment by defendants, provided that all employees are entitled to

COMPLAINT - BARRET                                   2

1  payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

13. Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

14. Under the provisions of Labor Code §510, Plaintiff should have been paid a total of approximately $370,462.75 in total wages, including overtime hours.

15. Over the course of employment, Plaintiff received only approximately $334,400.00 in wages.

16. Defendants therefore owe Plaintiff the sum of approximately $36,062.75, representing the difference between the amount of wages owed pursuant to California Labor Code §510 and the amounts actually paid to Plaintiff. Specific amounts earned, already paid to, and owed

17. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

18. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

19. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him/her in this action.

COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT

FAILURE TO PROPERLY PAY OVERTIME WAGES

20. Plaintiff re-alleges and incorporates paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and

1   Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in
2   interstate commerce.
3   22. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work
4   performed in excess of forty hours per week, unless specifically exempted by the law.
5   23. Although Plaintiff was not so exempt during employment with BARRET BUSINESS
6   SERVICES, INC., defendants knowingly caused and permitted Plaintiff to regularly
7   work in excess of forty hours per week without paying Plaintiff one and one half of
8   Plaintiff's regular rate of pay.
9   24. By not paying overtime wages in compliance with the FLSA, defendants violated
10  Plaintiff's rights under the FLSA.
11  25. Under the terms of the FLSA, Plaintiff should have been paid a total of approximately
12  $370,462.75 in total wages, including overtime hours, for all hours worked by Plaintiff.
13  26. Over the course of their respective employments, Plaintiff received only approximately
14  $334,400.00 in wages.
15  27. Defendants therefore owe Plaintiff the sum of approximately $36,062.75, representing
16  the difference between the amount of wages owed pursuant to the FLSA and the amounts
17  actually paid to Plaintiff.
18  28. Therefore, as a direct and proximate result of defendants' failure to pay proper wages
19  under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.
20  29. Defendants intentionally, with reckless disregard for their responsibilities under the
21  FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus defendants
22  are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages,
23  pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

31. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-30 as if fully stated herein.

32. At the time Plaintiff's employment with BARRET BUSINESS SERVICES, INC. was terminated, defendant's owed Plaintiff certain unpaid overtime wages.

33. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

34. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages in excess of approximately $7,529.41.

35. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

36. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

37. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully stated herein.

38. At all times relevant herein, Plaintiff's employment with BARRET BUSINESS SERVICES, INC. was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

39. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §§17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

40. During the period plaintiff was employed with Defendants BARRET BUSNIESS SERVICES, INC. and WM. EBERT CONSTRUCTION, INC., Defendants failed to pay Plaintiff legally required overtime pay to which he was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

41. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

42. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages amounting to approximately $36,062.75.

43. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

COMPLAINT - BARRET                                6

44. Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in the amount of approximately $36,062.75.

### COUNT FIVE: VIOLATION OF CA LABOR CODE SECTION 226.7
### FAILURE TO PROVIDE MEAL PERIODS

45. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-42 as if fully stated herein.

46. At relevant times herein, Plaintiff's employment with BARRET BUSINESS SERVICES, INC. was subject to the provisions of California Labor Code § 226.7, which requires employers to provide employees a half-hour meal period for every five hours worked, unless expressly exempted.

47. During employment with BARRET BUSINESS SERVICES, INC. Plaintiff worked more than 8 hours per day, and was provided neither meal nor rest periods as required by law.

48. Pursuant to California Labor Code section 226.7, Plaintiff is entitled to recover one additional hour of pay at each employee's regular rate of compensation, for each time that Plaintiff was not provided the required meal period.

49. Plaintiff is therefore entitled to payment, in the amount of approximately $36,138.24 in compensation for all meal periods that defendants failed to provide.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

50. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in excess of approximately $36,062.75;

51. For liquidated damages per the FLSA equal to unpaid overtime wages in excess of approximately $36,062.75;

COMPLAINT - BARRET   7

52. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in excess of approximately $36,062.75;

53. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a) totaling $11,571.76;

54. For meal period premium wages in the amount of $36,138.24;

55. For waiting time penalty damages of thirty days wages to Plaintiff, respectively, pursuant to California Labor Code § 203 in excess of $7,529.41;

56. In total Plaintiff pray for approximately $127,289.41 in damages for state and federal labor violations and in addition;

57. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

58. For costs of suit herein; and

59. For such other and further relief as the Court may deem appropriate.

Dated this 23rd day of October

DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
JAMES DAL BON

JAMES DAL BON
CA 157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
(408)292-1040
(408)292-1045

Attorney for Plaintiffs

UNTIED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MORENO,<br><br>        Plaintiff,<br><br>vs.<br><br>BARRET BUSNIESS SERVICES, INC. and<br><br>WM. EBERT CONSTRUCTION, INC. and<br><br>DOES 1-10<br><br>        Defendant | ) Case No.:<br>)<br>)<br>)<br>) PLAINTIFF DEMANDS JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF DEMANDS JURY TRIAL

COMPLAINT - BARRET

9